**TANNER & ORTEGA, L.L.P.**
ATTORNEYS AT LAW
WWW.TANNERORTEGA.COM

**MEMO ENDORSED**

HOWARD E. TANNER*
HUGO G. ORTEGA
*MEMBER OF N.Y., N.J. AND D.C. BAR

NEW YORK CITY OFFICE
299 BROADWAY
SUITE 1700
NEW YORK, NY 10007
OFFICE: (212) 962-1333
FAX: (212) 962-1778

WHITE PLAINS OFFICE
175 MAIN STREET
SUITE 800
WHITE PLAINS, NY 10601
OFFICE: (914) 358-5998
FAX: (914) 761-0995

October 29, 2021

Honorable Kenneth M. Karas
United State District Judge
United States District Courthouse
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

BY ECF AND EMAIL/PDF

Re:   USA v. Tyron McCallum, 15 Cr. 570 (KMK)
      Motion for CARES Act Finding for Re-Sentencing Hearing

Dear Judge Karas:

    I am appointed to represent the defendant Tyron McCallum in a pending Re-Sentencing Hearing as a result of the Supreme Court's decision in *U.S. v. Davis*, 139 S. Ct. 2319 (2019), which struck down the residual clause of 924(c)(3)(B). The hearing is scheduled for January 13, 2022 at 2:00 pm. Due to the reasons detailed herein, the defendant seeks this proceeding to be conducted remotely and waives his personal appearance on January 13, 2022.

    Mr. McCallum is currently serving a 28-year New York State prison sentence at Green Haven Correctional Facility in Stormville, New York. Green Haven has the ability to facilitate video and telephonic remote court appearances. I submit that transport of the defendant for an expectedly brief in-person court appearance would create an unjustifiable serious risk to the public, the defendant, the United States Marshals Service, Bureau of Prisons personnel as well as other inmates, even if such risk may be currently somewhat diminished. Notwithstanding that Mr. McCallum is currently housed in upstate New York, it could take him several weeks of circuitous travel to reach the District with the need to be quarantined numerous times at the different stops, depending on the policy of the particular facility. This would be unduly harsh, as quarantine would severely restrict the defendant's ability to contact his family and obtain basic prison services for weeks at a time. Finally, the interests of justice also favor proceeding without further protracted delay. Waiting until such time as Covid-19 is no longer a threat is not tenable, as there is always the possibility of resurgence. A remote hearing also avoids the unnecessary time and expense required for the defendant's transport.

    Accordingly, I request that Your Honor find that both conditions of the CARES Act have been met: (1) that the Re-Sentencing Hearing cannot be taken in person without seriously

jeopardizing public health and safety; and (2) that in this particular case, it cannot be further delayed without serious harm to the interests of justice and may proceed by video, or telephone conference, if video teleconferencing is not reasonably available.

The Government takes no position on this application. Thank you, Your Honor, for your consideration of this matter.

Granted. The Court finds that the sentence cannot be done in person without seriously jeopardizing public health and safety and that it cannot be delayed without serious harm to the interests of justice. Therefore, the January sentence may proceed via video or telephone conference if video is not reasonably available.

So Ordered.

10/29/21

cc:   AUSA George Turner (By ECF and Email/PDF)

Very truly yours,

Tanner & Ortega, L.L.P.

Howard E. Tanner

-2-